UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| AVITECH, L.L.C., <br> 27120 Ocean Gateway <br> Hebron, MD 21830 <br> Wicomico County, <br><br> Plaintiff, <br><br> v <br><br> EMBREX, INC., <br> 1040 Swabia Court <br> Durham, NC 27703 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. <br><br><br> WMN 04 CV 3082 <br><br><br> <u>Jury Trial Demanded</u> |

## COMPLAINT

Plaintiff Avitech, L.L.C. ("Avitech"), by its undersigned attorneys, brings this action against Defendant Embrex, Inc. ("Embrex"), and complains and alleges as follows:

### NATURE OF THE CASE

This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, to declare U.S. Patent No. 5,136,979 ("the '979 patent") not infringed, invalid and unenforceable under the federal patent laws; and for injunctive, monetary and equitable relief pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26, to prevent and enjoin violations of Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2

2. An actual controversy exists between the parties with respect to the validity, infringement and enforceability of the '979 patent as evidenced by, among other things, Embrex's initiation of a action claiming that the *Intelliject*™ in-ovo injection system manufactured by Avitech infringes the '979 patent, styled *Embrex, Inc. v. Avitech, L.L.C.*, No. 1:04CV00693 (M.D.N.C., filed August 3, 2004; pending determination of Avitech's motion to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, for transfer to the District of Maryland, Northern Division) (hereinafter "the North Carolina action").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1338(a).

4. Venue is proper in this District for the patent claim under provisions of 28 U.S.C. §§ 1391(c) and 1400 and; and venue for the antitrust claim is proper in this District under both the special antitrust venue provisions of 15 U.S.C. § 22 and the general venue provisions of 28 U.S.C. § 1391(b).

5. Embrex is subject to the personal jurisdiction of this Court because, *inter alia*, it regularly makes, uses, offers to sell, and sells products within the State of Maryland and otherwise has continuous and systematic contacts with this jurisdiction.

## PARTIES

6. Plaintiff Avitech is a Maryland limited liability company that has its principal place of business in Hebron, Maryland.

7. Defendant Embrex is a North Carolina corporation that has its principal executive offices at Durham, North Carolina.

2

## Count I
## DECLARATION OF PATENT INVALIDITY, NON-INFRINGEMENT AND UNENFORCEABILITY

8.     For many years Embrex was the exclusive licensee, with the right to sue for patent infringement, under U.S. Patent No. 4,458,630, issued July 10, 1984, which names Sharma et al. as the inventors (hereinafter, "the Sharma Patent"). The claims of the Sharma patent relate to a method for controlling an immunizable disease in avian species such as chickens by injecting a vaccine into an embryonic egg ("in ovo injection"). The Sharma patent includes no claims covering a machine, an apparatus, or an article of manufacture, or parts thereof.

9.     Embrex claims to be the owner of the '979 patent, issued August 11, 1992, entitled *Modular Injection Systems for Avian Embryos*, which relates to a tooling apparatus and method for vaccinating poultry eggs of varying sizes and which may be presented to the apparatus in differing orientations. Embrex has developed and sells an automated in ovo injection machine known as *Inovoject* that it claims is based upon the Sharma and '979 patents.

10.    Embrex has long enjoyed and continues to enjoy a monopoly in the provision of automated in ovo injection machines in that until Avitech's emergence Embrex faced no competition in the market for automated in ovo injection machines. Currently, Embrex in ovo injection systems inoculate in excess of eighty percent (80%) of all eggs produced and nearly one hundred (100) percent of all eggs inoculated in the United States. The only alternative to use of automated equipment is manual, post-hatch administration of vaccines, which is not an effective substitute for such automation because it is significantly less efficacious, more time consuming and more costly method of vaccination.

11   The Sharma patent expired in June 2002. Since then Avitech has developed and begun marketing a competing in ovo injection system known as the *Intelliject*™ machine that combines several new technologies to insure maximum biosecurity, accuracy, and vaccine stability. This system is designed for use in a high-production capacity environment such as a modern poultry production plant.

12.   Maryland's Eastern shore is home to one of the leading poultry producers in the United States. This producer is a long-time user of Embrex's in ovo injection machines. During 2003-04, it conducted field tests in Maryland of both Avitech's *Intelliject*™ and Embrex's *Inovoject* machines. In or about the last week of July 2004, the producer informed Embrex that Avitech would become a future supplier of in ovo injection machines to its plants. Several days later, Embrex filed the North Carolina Action against Avitech.

3.   Upon information and belief, Embrex has maliciously and falsely publicized to potential customers of Avitech and others within the poultry production industry that the *Intelliject*™ machine infringes its '979 patent, with the implied threat of legal liability if they do business with Avitech, in an attempt to interfere with Avitech's goodwill and advantageous business relations with them.

4.   Upon information and belief, the '979 patent, and each claim thereof, is invalid and void under one or more of the conditions for patentability set forth in Title 35 of the U.S. Code, including but not limited to sections 101, 102, 103, and 112 thereof.

15.   The *Intelliject*™ machine manufactured by Avitech does not infringe any claim of the '979 patent, and said claims are so limited in terms and in light of prior art, and by virtue of limitations necessarily placed upon such claims during prosecution of the underlying application

4

in the U.S. Patent and Trademark Office, as to render said claims ineffective in scope to cover the *Intelliject*™ machine.

Embrex instituted the North Carolina Action and threatened Avitech's customers without reasonable and good faith investigation or knowledge of the *Intelliject*™ machine, and in deliberate and wanton disregard of facts and information known to Embrex indicating that the '979 patent is invalid and/ or is not infringed by the *Intelliject*™ machine.

For the aforesaid reasons Embrex knew or should have known that the '979 patent was invalid and/ or not infringed. This is an exceptional case within the meaning of 35 U.S.C. § 285.

18.     By reason of Embrex's wrongful conduct, the '979 patent is unenforceable against Avitech.

WHEREFORE, Plaintiff Avitech demands judgment in its favor and against Defendant Embrex as follows:

A.     That the Court declare, adjudge and decree that the manufacture, sale, offer of sale, and the delivery of Avitech's *Intelliject* system or any component thereof is not an act of infringement, contributory infringement or inducement of infringement of the '979 patent in violation of 35 U.S.C. § 271;

B.     That the Court declare, adjudge and decree that the '979 patent is invalid, void and unenforceable;

C.     That the Court enjoin Defendant preliminarily and permanently from making further or other threats of patent infringement or actions for patent infringement against Avitech and any of its customers and potential customers;

D.     That the Court retain jurisdiction over Embrex and the subject matter of this action for purposes of supervising Embrex's compliance with the final judgment;

E.     That the Court award Avitech its costs and attorneys' fees in bringing and maintaining this action; and

F     That the Court grant such other and further relief as it shall deem just and proper.

### Count II
**VIOLATION OF SHERMAN ACT § 2**

19     Avitech restates and realleges Paragraphs 1 - 18 inclusive and hereby incorporates the same by reference as if fully alleged herein.

20.     There is a separate and distinct relevant product market and/or sub-market for the provision of in ovo injection machines.

21.     The United States as a whole is a relevant geographic market for the sale and lease of in ovo injection machines

22.     Embrex possesses monopoly power and/or there is a dangerous probability that it will obtain such power, as evidenced by its dominant share of the relevant market and by its possession of power to raise prices above competitive levels and/ or to exclude competitors.

23     Embrex has maintained a monopoly in, and attempted to control, the aforesaid relevant market by, among other things, asserting the '979 patent against Avitech and threatening its potential customers with patent infringement or actions for patent infringement if they use Avitech's machine, and instituting the North Carolina Action.

24     Embrex's monopolizing conduct was done, and continues to be done, without a good faith belief in the validity, infringement or enforceability of the '979 patent. The purpose and

effect of this conduct is to interfere directly with the business and property of Avitech, including its contractual and advantageous business relations with poultry producers and others, and to impose collateral injury upon Avitech's business and property rather than to obtain a justifiable legal remedy. As such, the North Carolina Action was objectively baseless and a "sham" lawsuit brought in bad faith with specific intent to monopolize the aforesaid relevant market, and there is a dangerous probability that Embrex will succeed in obtaining a monopoly thereby.

25. Avitech is a direct competitor of Embrex in the aforesaid relevant market. Embrex's monopolizing and/or attempt to monopolize the relevant market has injured competition and caused, and will continue to cause, damage to Avitech because, among other things, of having incurred legal and professional fees and costs associated with defending the North Carolina Action.

26. The conduct of Embrex complained of herein violates the antitrust laws of the United States and Maryland, including but not limited to Section 2 of the Sherman Act, 15 U.S.C. § 2.

27. Unless preliminarily and permanently enjoined by this Court, Embrex will continue to violate the aforesaid laws.

WHEREFORE, Plaintiff Avitech demands judgment in its favor and against Defendant Embrex as follows:

A. That the Court declare, adjudge and decree that Defendant has monopolized and/ or attempted to monopolize trade and commerce in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2;

B. That the Court award Avitech treble the amount of its actual damages plus interest;

C. That the Court issue a permanent injunction enjoining Defendant, and its officers, agents, directors, employees, and all other persons acting on its behalf or in active concert or participation with it or them, directly or indirectly, with any of them who receive notice, from continuing to violate the antitrust laws;

D. That the Court retain jurisdiction over Embrex and the subject matter of this action for purposes of supervising Embrex's compliance with the final judgment;

E. That the Court award Avitech its costs and attorneys' fees, including interest thereon, in bringing and maintaining this action; and

F. That the Court grant such other and further relief as it shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all the triable issues raised in this Complaint.

Respectfully submitted,

AVITECH, L.L.C.

By /s/ Philip L. O'Neill
Philip L. O'Neill
Bar No. 08303
poneill@jhip.com

Of Counsel:
Harvey B. Jacobson, Jr.
JACOBSON HOLMAN PLLC
400 Seventh St., N.W.
Washington, D.C. 20004-2218
Tel.: (202) 626-4681
Fax: (202) 393-5350

JACOBSON HOLMAN PLLC
400 Seventh St., N.W.
Washington, D.C. 20004-2218
Tel.: (202) 626-4681
Fax: (202) 393-5350

Its Attorneys

8