IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AVITECH, L.L.C.          :
                         :
v.                       :   Civil No. WMN-04-3082
                         :
EMBREX, INC.             :
                         :

### MEMORANDUM

Before the Court is a motion to modify the scheduling order filed by Defendant Embrex, Inc. (Embrex).[1]  Paper No. 73. Plaintiff Avitech, L.L.C. (Avitech) has opposed the motion.  Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Defendant's motion will be denied.

The discovery deadline is September 1, 2006.  The scheduling order has already been modified three previous times.  Embrex moves to modify the scheduling order to include Markman[2] claim construction briefing and a Markman hearing and to subsequently extend other deadlines.  Embrex argues that through the course of discovery it has become apparent that claim construction is at issue in this case and, as such, Markman briefing and a Markman hearing should take place after the completion of the initial submission of expert reports, but before the close of fact

---

[1] Also pending before the Court are motions to compel filed by both Avitech and Embrex, which will be ruled on forthwith.

[2] Markman v. Westview Instruments, Inc., 52 F.3d 967 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996).

discovery.  Embrex reasons that early claim interpretation can lead to resolution earlier in time and at far less expense to litigants.  Mem. 3-4.  Further, Embrex contends that, in contrast, when claim construction occurs following the close of discovery it presents a high risk that much of the discovery may be rendered irrelevant by the court's construction.  Id.  Embrex supports its arguments with the fact that each of the four district courts that have developed specialized local rules for patent litigation provide for claim construction briefing during the discovery phase of the litigation.  Id. 5-6.

Avitech argues that "claim construction appears likely to determine the outcome of this case" and, as such, claim construction should be combined with summary judgment.  Opp'n 2-4.  Avitech reasons that this approach will focus the Court's and the litigants' attention on the patent claims that are likely to be dispositive and it will be more efficient, avoid undue delay, and be less expensive.

This Court agrees with Avitech and finds that the most prudent course would be to combine claim construction with summary judgment.  "As a practical matter, this Court finds that combining the Markman hearing and the motion for summary judgment is an efficient and sensible approach to what could otherwise be an unnecessarily lengthy and multi-phased process."  Utah Medical Products, Inc. v. Clinical Innovations Assocs., Inc., 79 F. Supp.

2d 1290, 1299 (D. Utah 1999), aff'd, 2000 U.S. App. LEXIS 31756 (Fed. Cir. Dec. 13, 2000).  Deciding claim construction simultaneously with summary judgment motions will allow the parties to better focus, explain, and develop their arguments.  Additionally, the fact that there has already been three revisions to the scheduling order combined with the parties propensity to call upon the Court for resolution of disputed issues, leads the Court to deny Embrex's motion in order to avoid further delay and greater expense to the parties.

                                                                                                               /s/

                                          William M. Nickerson
                                          Senior United States District Judge

Dated: August 10, 2006