IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AVITECH, LLC                    :
                                :
v.                              :   Civil No. WMN-04-3082
                                :
EMBREX, INC.                    :
                                :

<u>MEMORANDUM</u>

Before the Court is Defendant Embrex's Motion to Compel
Discovery Responses.  Paper No. 116.  Attached to Embrex's motion
is its supporting brief, which was originally served on Avitech
on November 27, 2006.  Mot. to Compel, Ex. 5.  Also attached is
Avitech's brief in opposition to the motion, originally served
upon Embrex on December 16, 2006.  Mot. to Compel, Ex. 6.  In
accordance with the requirements of the Local Rules, Counsel for
both parties allege to have made extensive efforts to resolve the
present disputes prior to filing the instant motion with the
Court.  In its motion, Embrex requests an order compelling
substantive answers to particular interrogatories, production of
certain non-privileged documents, and preparation of a privilege
log identifying all documents withheld on the basis of privilege.
Upon a review of the pleadings and applicable case law, the Court
determines that no hearing is necessary (Local Rule 105.6) and
that Defendant's motion to compel will be granted in part and
denied in part.[1]

_____

[1] Avitech includes several general objections in its reply
to Embrex's interrogatories and requests for production of
documents, including allegations that the discovery sought is

## I.  DISCUSSION

### A. Interrogatory Responses

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Court has broad discretion in deciding whether to compel answers to interrogatories.  See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995).  Generally, parties may obtain discovery regarding any information relevant to the subject matter involved in the action.  See 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2007 (2d ed. 1994). Here, Embrex requests full and complete answers to interrogatories 4, 5, 6, 7, 8, 12 and 14.

Interrogatory No. 4 requests that, for each month from January 1, 1999, to the present, Avitech state separately the gross revenues derived from the sale, licensing and lease of any in ovo injection machine.  Avitech objects to the request as

---

overbroad, vague, burdensome, premature, irrelevant, or duplicative.  Embrex argues that it is unclear whether Avitech has specifically withheld any information on the basis of these general objections.  Avitech contends that "[i]f and where [it] states that it will produce 'responsive, non-privileged documents if any exist,' then Avitech will produce all documents reasonably available upon the exercise of 'reasonable diligence to locate responsive documents.'"  Mot. to Compel, Ex. B.  In an effort to minimize the potential for any misunderstanding between the parties, where Avitech is compelled to supplement its responses, the Court will require it to confirm that no responses were withheld under the presented objections, or, if information is withheld, to provide more precise objections identifying the categories of information withheld under each objection.

irrelevant, overly broad, and unduly burdensome, and contends
Embrex could derive responsive information from Avitech's already
produced financial statements.  Avitech further states that
revenue data does not exist on a per machine basis.  Embrex
argues, however, that the previously produced financial
statements are insufficient in that they consist only of a draft
revenue statement for 2005, a one-year revenue statement for
2005, and two forward looking statements dated July 28, 2004, and
October 2, 2002.  The revenue information requested by Embrex is
relevant to this litigation.  Avitech's objections to
interrogatory No. 4 are overruled and Avitech will be compelled
to supplement its response by providing existing revenue
information for the dates requested or by unequivocally
confirming that no such data exists.

Interrogatory No. 5 requests that, for each in ovo injecton
machine marketed, sold, licensed or leased from January 1, 1999,
to the present, Avitech state by category the amounts incurred in
marketing, selling, licensing, and/or leasing the machine,
instrument, or device in question.  Avitech objects to the
request as irrelevant, overly broad, and unduly burdensome, and
states that it "does not compile information about costs on an
individual machine basis."  Avitech's Answers & Objections 5.
Avitech also contends that already produced financial statements
provide information regarding the overall costs of marketing in

<u>ovo</u> machines.  <u>Id.</u>  Embrex contends that Avitech's production of
one complete financial statement for the year 2005 fails to fully
respond to the information requested.  Avitech's objections to
interrogatory No. 5 are overruled.  As the financial statements
provided by Avitech do not fully respond to the information
requested, Avitech will be compelled to supplement its response
by providing existing cost information for the dates requested,
or by unequivocally confirming that no such data exists.

Interrogatory No. 6 requests that, for each <u>in ovo</u> machine
marketed, sold, licensed or leased from January 1, 1999, to the
present, Avitech state the gross profit derived from the machine
in question.  Avitech objects to the request as irrelevant,
overly broad, and unduly burdensome, and states that its already
produced financial statements provide responsive information.
Avitech's objections to interrogatory No. 6 are overruled.  Like
its response to interrogatories 4 and 5, Avitech does not dispute
that the only full financial report produced relates to only one
year, while the data requested spans several years.  Thus,
Avitech will be compelled to supplement its response by providing
existing cost information for the dates requested, or by
unequivocally confirming that no such data exists.

Interrogatory No. 7 requests that Avitech identify all
persons and companies to which it marketed an <u>in ovo</u> injection
machine and to identify the Avitech employee who dealt with those

4

persons or companies.  Avitech objects to the request as irrelevant, overly broad, and unduly burdensome, and contends that the request is duplicative of interrogatory No. 3 and of the deposition questioning of Rafeal Correa.  Interrogatory No. 3 requests that Avitech identify employees who have had any involvement with the design, manufacturing, maketing or sale of any <u>in ovo</u> injection machine, but does not seek details regarding the persons or companies with whom Avitech dealt.  Further, interrogatory No. 7 requests more information than Mr. Correa provided in his deposition testimony.  While Avitech argues generally that interrogatory No. 7 is irrelevant to the issue of causation and damages, it has not fulfilled its burden of "explaining precisely why its objections are proper given the broad and liberal construction of the federal discovery rules." <u>United Oil Co. v. Parts Assocs., Inc.</u>, 227 F.R.D. 404, 411 (D. Md. 2005); <u>McLeod, Alexander, Powel & Apffel, P.C. v. Quarles</u>, 894 F.2d 1482, 1485 (5th Cir. 1990) (noting that the party resisting discovery cannot merely rely on boilerplate objections of irrelevance).  Thus, Avitech's objections to interrogatory No. 7 are overruled and Avitech will be compelled to supplement its response by providing the requested information regarding the persons and companies to which it marketed an <u>in ovo</u> injection machine and the Avitech employee who dealt with those people or companies or by unequivocally confirming that no such data

exists.

Interrogatory No. 8 requests that Avitech identify all instances in which it was unable to sell or lease an _in ovo_ injection machine based upon the existence of a patent or intellectual property right held by Embrex.  Avitech objects to the request as irrelevant, overly broad, and unduly burdensome. Notwithstanding those objections, Avitech identifies "a prospective Pennsylvania customer which refused to lease Avitech's machines due to the pending lawsuit" and contends that "other prospective customers . . . were dissuaded from leasing Avitech's machines . . . ."  Avitech's Answers & Objections 6-7. Avitech alleges that it "will supply the name and address of the Pennsylvania customers, as well as any others once identified by Avitech[,]" however, it does not specify any time frame in which such responses will be provided.  Avitech's Opp'n to Embrex's Mot. to Compel 3.  Avitech's objections to interrogatory No. 8 are overruled and Avitech will be compelled to supplement its response by providing all available responsive information within the time frame established by the accompanying order.

Interrogatory No. 12 requests that Avitech identify all offers, proposals, or bids it made for the sale, license, or lease of an _in ovo_ injection machine that did not result in a sale, trial, license, or lease during the relevant period. Avitech contends that this request is duplicative of

interrogatory No. 7 and that, since 2002, it has solicited every major poultry grower in the United States and many minor ones. Embrex argues that this response fails to provide critical details regarding each occasion in which Avitech unsuccessfully marketed its machines, the identities and contact information of the prospective customers, and descriptions of the circumstances causing the marketing attempt to be unsuccessful.  The Court finds that interrogatory No. 12 is not entirely duplicative of interrogatory No. 7, which requests only the identity of persons and companies to which Avitech marketed its in ovo injection machine, and not the details surrounding unsuccessful proposals or bids.  Although some of the information sought in response to interrogatory No. 12 may overlap with that sought in response to interrogatory No. 7, Avitech will still be compelled to supplement its response to interrogatory No. 12 by providing existing information regarding its unsuccessful offers, proposals and bids for the sale of its in ovo injection machine.

Interrogatory No. 14 requests that Avitech identify all instances of alleged interference by Embrex with its contractual or advantageous business relations.  Avitech objects to the request as irrelevant, overly broad, unduly vague and burdensome, and argues that "facts supporting this claim are uniquely in the possession of Embrex, who in part has asserted privilege to prevent the disclosure of relevant documents and information."

Avitech's Answers & Objections 10.  Avitech also contends that
the information provided in its answer is sufficient and that "if
Embrex wants to probe for more details, then it should take a
deposition."  Avitech's Opp'n to Embrex's Mot. to Compel 3.  In
its answer, Avitech states its belief that Embrex informed every
customer considering leasing from Avitech of the pendency of the
patent litigation.  Specifically, Avitech notes that "Perdue and
Gold Kist have required Avitech to enter into indemnification
agreements to hold them harmless from any claims or losses
arising from or related to the '979 patent."  Avitech's Answers &
Objections 10-11.  Avitech also states its belief that Embrex has
communicated with Perdue and possibly other customers regarding
the possible legal consequences of using Avitech's machines
during the pendency of this suit.  Id.  Embrex contends that this
response falls short in that it does not include specific details
concerning instances in which Embrex informed customers of the
existence of this suit, and does not identify the "one or more
customers" in addition to Perdue, with whom Avitech suspects
Embrex of communicating concerning the potential outcome of this
litigation.  The Court finds that Avitech's answer adequately
responds to interrogatory No. 14.  Avitech notes with specificity
those customers which have required Avitech to enter into
agreements in anticipation of the outcome of this litigation and
further notes that the portions of its answer contending that

8

Embrex communicated with "one or more customers" regarding the patent litigation are based "upon information and belief."  Thus, Avitech will not be compelled to further supplement its response to interrogatory No. 14.

**C.  Request for Document Production**

Rule 34 of the Federal Rules of Civil Procedure authorizes a party to request any document which is relevant to the subject matter involved in a pending action.  <u>See</u> 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 2206.  Rule 26 defines the scope of discovery permissible under Rule 34.  <u>Id.</u>  Where a party fails to respond to a Rule 34 request for the discovery of documents, the requesting party may move for an order to compel under Rule 37(a).  <u>Id.</u> at § 2214 (noting that the party refusing discovery must show some sufficient reason why otherwise discoverable documents should not be disclosed).  Here, Embrex seeks production of non-privileged, responsive documents to requests 5, 6, 7, 9, 11, 12, 13, 14, 22, 24, and 25.

Requests 5, 6, and 7 seek all documents identifying the gross revenues, costs, and profits, respectively, which Avitech incurred from the sale or lease of any <u>in ovo</u> injection machine from January 1, 1999, to the present.  In response these requests, Avitech directs Embrex to the responses provided to interrogatories No. 4, 5, and 6, which contend that certain already produced year-end financial statements provide sufficient

information from which Embrex could derive responsive information regarding revenues, costs, and profits.  As stated above, the produced financial statements consist only of a draft revenue statement for 2005, a one-year revenue statement for 2005, and two forward looking statements dated July 28, 2004, and October 2, 2002.  Further, requests 5, 6, and 7 call for <u>all</u> documents identifying revenues, costs, and profits, not simply year-end financial statements.  Thus, Avitech will be compelled to supplement its responses to requests 5, 6, and 7 by providing all requested documents or by unequivocally confirming that no such documents exist.

Request 9 seeks all documents relating to any market study, analysis, report, survey, compilation, or listing prepared or received by Avitech regarding the market for <u>in ovo</u> injection machines.  Avitech objects to the request as irrelevant, overly broad, unduly burdensome, vague, and duplicative of request 6. Avitech further states that it has already produced all responsive documents in its possession, custody, or control. Embrex now requests an assurance from Avitech that no documents were withheld on the basis of Avitech's general objections or, if documents were withheld, by identifying the categories of documents withheld under each objection.  In accordance with the note above regarding clarity between the parties, Avitech will be compelled to provide a statement confirming that all responsive documents have been produced, or identifying the categories of

10

documents withheld under each specific objection.

Requests 11, 12, 13, and 14 seek any documents which reflect
communications between Avitech and any other entity to whom
Avitech offered to sell an _in_ _ovo_ injection machine, any
documents from any other entity who sought to purchase an _in_ _ovo_
injection machine, any documents reflecting proposals or bids for
the purchase or sale of an _in_ _ovo_ injection machine, and any
documents embodying requests for proposals or bids for the
purchase or sale of an _in_ _ovo_ injection machine.  To each
request, Avitech directs Embrex to the information provided in
response to interrogatories Nos. 7 and 12.  Interrogatory No. 7
requests the identity of all persons and companies to which
Avitech marketed an _in_ _ovo_ injection machine and the identity of
the Avitech employee who dealt with those persons or companies,
and interrogatory No. 12 requests that Avitech identify all
unsuccessful offers, proposals, or bids it made for the sale,
license, or lease of an _in_ _ovo_ injection machine.  Document
request Nos. 11, 12, 13, and 14 seek a broader scope of
information, including all communications between Avitech and
those entities which sought to purchase _in_ _ovo_ injection
machines, and all documents relating to both successful and
unsuccessful proposals for the sale of _in_ _ovo_ injection machines.
Avitech, therefore, will be compelled to supplement its responses
to requests 11, 12, 13, and 14 by providing all requested
documents or by unequivocally confirming that no such documents

11

exist.

Request 22 seeks all documents relating to any communications between Avitech and any other entity or individual concerning Embrex.  Avitech objects to the request as irrelevant, overbroad, unduly burdensome, vague and ambiguous, and duplicative.  Avitech has not provided any particularized showing that the documents requested are irrelevant or that production of would be overly burdensome.  See Quarles, 894 F.2d at 1485.  As such, Avitech will be compelled to supplement its request by providing all requested documents or by unequivocally confirming that no such documents exist.

Request No. 24 seeks documents reflecting the nature of Avitech's relationship to MaTech or MSI.  Avitech objects to the request as irrelevant, overly broad, unduly burdensome, vague and ambiguous, and duplicative.  Additionally, in a letter to counsel for Embrex, Avitech states that it has provided "full document and deposition discovery of [each] entity and their representatives in connection with patent discovery."  Mot. to Compel, Ex. B.  The Court finds that request No. 24 is relevant to the determination of whether MaTech or MSI may be considered parties in interest to this litigation.  See, e.g., Mot. to Compel 21 (identifying specific deposition testimony indicating that MaTech finances Avitech's product development with regard to in ovo injection machines).  Avitech, therefore, will be compelled to supplement its response to produce all responsive documents in its possession, custody, or control.  If Avitech

12

believes that all responsive documents have already been produced, it should unequivocally state so in its supplemental response.

Request No. 25 seeks documents that relate to any purchase, sale, or delivery orders for the procurement of an <u>in ovo</u> injection machine during the relevant time period.  In response to this request, Avitech refers to its responses to interrogatory Nos. 6 and 7, which generally refer to previously produced financial statements.  The financial statements provided by Avitech are not fully responsive to request No. 25 which specifically calls for "any purchase orders, sales orders, delivery orders, or invoices[.]"  Thus, Avitech will be compelled to supplement its response by providing the responsive documents, or by unequivocally confirming that no such documents exist.

## III. CONCLUSION

For the above stated reasons, Embrex's Motion to Compel will be granted in part and denied in part.  A separate order consistent with this memorandum will follow.

_____/s/_____

William M. Nickerson
Senior United States District Judge

Dated: May 24, 2007

13