UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| AVITECH, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>EMBREX, INC.,<br><br>Defendant. | Civil Action No. WMN-04-CV-3082 |

**EMBREX'S OPPOSITION TO AVITECH'S MOTION TO REOPEN DISCOVERY**

Embrex, Inc. (hereinafter, "Embrex") respectfully submits this Opposition to the Motion to Reopen Discovery served by Avitech, L.L.C. ("Avitech") on February 28, 2008. Avitech's Motion to Reopen Discovery should be denied in its entirety for the reasons discussed in detail below.

**I.    OVERVIEW**

Avitech's belated effort to reopen discovery is based entirely on a single marketing blurb, contained in an advertising brochure distributed by Embrex in January 2008 ("the Brochure"), that never mentions Avitech or its Intelliject® egg injection machine. Contrary to Avitech's characterization, the Brochure, while recently created, contains no new relevant evidence justifying additional discovery. Moreover, Avitech's request for the reopening of discovery comes after the conclusion of nearly seventeen months of discovery into the infringement and antitrust claims of the present case, and almost a year after the final phase of discovery closed. Accordingly, Embrex respectfully submits that Avitech has not shown good cause for reopening discovery because (1) additional discovery is unlikely to lead to the discovery of relevant

evidence; and (2) the reopening of discovery would result in additional delay and expense by both parties.

## II. ARGUMENT

The District Court has "wide latitude in controlling discovery," including discretion in finding that a reopening of discovery is unjustified. *Mallas v. U.S.*, 1995 WL 290401, *2 (4th Cir., 1995) (quoting *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986), *cert. denied*, 480 U.S. 934 (1987)). The Court's scheduling order is "intended to serve as the unalterable road map (absent good cause) for the remainder of the case." *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D.D.C., 2005). As a consequence, "a scheduling order entered by a district judge shall not be modified except upon a showing of good cause and by leave of the district judge." *Id.*; Fed.R.Civ.P. 16(b). While the courts of the Fourth Circuit have not adopted an explicit test for showing good cause to reopen discovery, courts in other circuits have applied the factors spelled out in *Smith v. U.S.*, 834 F.2d 166 (10th Cir., 1987). These factors include the following:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith*, 834 F.2d. at 169. The factors relevant to the present case are discussed below.

### A. Avitech Overstates the Materiality of the Brochure and the Likelihood that Additional Discovery Will Lead to Relevant Evidence.

Avitech's entire justification for reopening discovery is the fact that the Brochure contains a chart comparing the features of Embrex's Inovoject® system with the products of unnamed "Others," and describes the "Egg Location" component of the competing systems as involving "[v]ertical only movement." Avitech Motion, page 2. Avitech interprets this one

phrase as both an "admission" by Embrex that Avitech's Intelliject® system does not infringe the patent-in-suit and a disavowal by Embrex of the expert testimony of Dr. Robert Sturges. Avitech Motion, pages 3 and 5. Contending that the Brochure is "potentially case dispositive," Avitech argues that the "vertical only" phrase and the recent creation date of the Brochure justify the reopening of discovery. Avitech Motion, page 4.

Avitech overstates both the import of the Brochure and the likelihood that additional discovery centered on the contents of the Brochure will lead to evidence relevant to the present case. First, the Brochure, while recently created by Embrex, does not contain new information sufficient to support a reopening of discovery. None of the "Others" is identified by name in the Brochure, and Avitech cannot, and does not, claim that it is the only "Other" competitor.

The "vertical only" phrase used by Embrex is consistent with **Avitech's own repeated characterizations** of its Intelliject® system, made, for example, in papers that Avitech has filed with this Court and that have been made part of the public record. See, *e.g.*, Declaration of Rafael Correa, ¶ 9 (attached as Exhibit 2 to the Memorandum in Support of Avitech's Motion for Protective Order or, in the alternative, to Quash the Subpoena Issued by Defendant Embrex to Third Party Gold Kist, Inc.); Avitech's First Amended Complaint, ¶¶ 30, 33, and 35; Avitech's Opposition to Embrex's Motion to Modify Scheduling Order, page 2; Avitech's Opposition to Embrex's Motion for Sanctions, page 6; Avitech's Responses to Embrex's First Set of Requests for Admissions, Response to Request No. 16, page 5. The present suit stems from Embrex's disagreement with Avitech's assertions that its product involves "vertical only" movement. Until this Court finds that Avitech infringes on Embrex's patent, Embrex's use of a phrase similar to Avitech's own description of the Intelliject® egg injection process in a product comparison chart is completely proper. Indeed, the use by Embrex of a phrase echoing Avitech's own product description is prudent, in that it reduces Embrex's risk of receiving a complaint for unfair

3

competition or commercial disparagement based on an allegation by Avitech that Embrex inaccurately described the Intelliject®.

In addition, further discovery on the use of that single phrase is unlikely to result in the discovery of any evidence relevant to either the infringement or antitrust claims of the present case. Avitech acknowledges that the Brochure is purely a marketing document. Avitech Motion, p. 2. ("The Brochure is a commonplace type of product advertising designed to promote Embrex's Inovoject® egg injection machine to potential customers and end users."). The Brochure contains a bullet-point chart that very succinctly compares the features of the Embrex Inovoject® system with other unnamed systems. As a marketing document, the Brochure does not contain any detailed technical analysis or expert discussion of the operation of either the Inovoject® or Avitech's Intelliject® machine, nor does it offer an evaluation of whether the Intelliject® infringes the claims of the patent-in-suit or insight into Embrex's motivations in bringing suit against Avitech. Those subjects have all been fully explored in previous discovery. Any evidence gathered as a result of the additional discovery sought by Avitech is thus likely to have minimal, if any, relevance or probative value with respect to Embrex's infringement claim or Avitech's non-infringement defense or antitrust claim.

Finally, contrary to Avitech's assertions, the Brochure has no effect, contradictory or otherwise, on the validity of Embrex's patent infringement allegation against Avitech or on Embrex's reliance on the findings of Dr. Sturges. This Court has already had an opportunity to consider Embrex's infringement claim and its supporting evidence when it decided the parties' cross-motions for summary judgment of patent infringement. In declining to grant summary judgment for Avitech, the Court found that Embrex's patent infringement claim was worthy of submission to a jury. Avitech's present assertion that a single entry in an Embrex marketing brochure is sufficient to repudiate that entire body of evidence is groundless.

For the same reasons, the Brochure is irrelevant to Avitech's antitrust claim. The fact that the present case survived Avitech's motion for summary judgment is persuasive evidence that the case is not objectively baseless, irrespective of the contents of the Brochure. Avitech's assertion that it should be granted a postponement of its time to file and serve an opposition brief to Embrex's long-pending motion for summary judgment on that claim is thus unsupported in fact or law.

### B. The Reopening of Discovery Would Lead to Additional Delay and Expense.

This Court's Scheduling Order of November 18, 2005 originally set the deadline for the close of discovery with respect to Embrex's infringement claim as April 3, 2006; that deadline was later extended to September 1, 2006 by the Modified Scheduling Order of December 8, 2005. Discovery into Avitech's antitrust claim opened on September 1, 2006, and closed on April 2, 2007. Thus, Avitech's request for additional discovery comes after the conclusion of nearly seventeen months of discovery into the infringement and antitrust claims of the present case, and nearly a year after the final phase of discovery closed. Embrex respectfully submits that reopening discovery at this point in the proceedings would unnecessarily result in yet more delay and expense to all parties.

## III. CONCLUSION

For the reasons stated above, Embrex respectfully requests that Avitech's Motion to Reopen Discovery be denied in its entirety.

Dated: March 17, 2008.

                                                  /s/
Lynne A. Borchers
Richard P. Vitek
Bruce E. Owens, Jr.
Myers Bigel Sibley & Sajovec, P.A.
P.O. Box 37428
Raleigh, NC 27627
Telephone: (919) 854-1400

Paolo Morante
DLA Piper US LLP
6225 Smith Avenue
Baltimore, MD 21209-3600
Telephone: (410) 580-3000

Counsel for Embrex, Inc.

## CERTIFICATE OF SERVICE

It is hereby certified that, pursuant to Fed. R. Civ. P. 5, the foregoing **EMBREX'S OPPOSITION TO AVITECH'S MOTION TO REOPEN DISCOVERY** was served as follows:

**Via the Court's electronic filing system and E-Mail as follows:**

Max H. Lauten
Kramon & Graham, P.A.
One South Street
Suite 2600
Baltimore, MD 21202-6030
mlauten@kg-law.com

and

Philip L. O'Neil, Esq.
Michael R. Slobasky, Esq.
Jacobson Holman, PLLC
400 7th Street, N.W.
Washington, DC 20004-2218
poneill@jhip.com
mslobasky@jhip.com

This 17th day of March, 2008.

                                                                          /s/
                                              Attorney for Embrex, Inc.