IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AVITECH, LLC                          :
                                      :
v.                                    :  Civil No. WMN-04-3082
                                      :
EMBREX, INC.                          :
                                      :

**MEMORANDUM**

Now pending before the Court is the motion to reopen discovery, Paper No. 131, filed by Plaintiff, Avitech, LLC. The motion is fully briefed. Upon a review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion will be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This consolidated patent infringement action involves claims that Avitech infringes Defendant Embrex, Inc.'s U.S. Patent No. 5,136,979 (the '979 Patent). The '979 Patent is entitled <u>Modular Injection System for Avian Embryos</u> and relates to an apparatus used for injecting a vaccine into poultry eggs. Avitech seeks a declaratory judgment of non-infringement and/or invalidity and also asserts antitrust claims against Embrex.[1]

The procedural history, as relevant to the instant motion, is as follows. The deadline for discovery related to patent infringement and validity expired on September 1, 2006.

---

[1] Avitech is aligned as the Plaintiff because it initiated this case as a declaratory judgment action. Subsequently, Embrex's patent infringement action, filed in the United States District Court for the Middle District of North Carolina prior to Avitech's suit, was transferred to this Court and the two cases were consolidated.

Thereafter, both parties moved for summary judgment.  In a memorandum and order dated December 20, 2006, this Court construed contested claim terms and denied both motions for summary judgment.

Discovery related to Avitech's antitrust claims then proceeded, with the deadline set for April 2, 2007.  On August 10, 2007, Embrex moved for summary judgment as to the antitrust claims.  On August 24, 2007, the parties jointly moved to stay all proceedings in this action pending the outcome of settlement discussions.  The stay was extended by consent on one occasion.

On February 28, 2008, the parties submitted a joint status report indicating that settlement negotiations had stalled and asking the Court to lift the stay.  In the status report, Embrex asked that this Court direct Avitech to respond to its motion for summary judgment in six weeks.  Avitech asked that this Court first resolve the instant motion, filed the same day as the status report, before setting a date for Avitech to respond.

Avitech seeks to reopen discovery for sixty days in order to conduct limited discovery related to an Embrex marketing brochure distributed at a trade show in January of 2008 and obtained by Avitech employees at that time.  Embrex opposes the motion, arguing that discovery related to the brochure is unlikely to produce any relevant evidence and that reopening discovery at this late stage in the proceedings would cause unnecessary delay and cost.

2

**II.   STANDARD OF LAW**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a scheduling order may be modified "only for good cause shown." Fed. R. Civ. P. 16(b)(4).  The decision whether to reopen discovery is committed to the sound discretion of this Court. See Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987). Factors relevant to this determination include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

Id.

**III. DISCUSSION**

As discussed above, Avitech seeks to conduct limited discovery related to an Embrex marketing brochure.  The brochure, entitled "Embrex Inovoject Systems, Your Complete In Ovo Solution" (the Brochure), includes a chart entitled "Critical Components of the Egg Injection Process" (the Chart).  Mot., Ex. 1 at 3.  The Chart compares the "Embrex® Inovoject® System" to the systems used by "Others." Id.  The first line of the Chart is titled "Egg Location" and states that Embrex uses the "[p]atented floating tooling design - translational movement" while "Others" use "[v]ertical only movement." Id.  According to Avitech, this portion of the Chart constitutes an admission by Embrex that the accused device, Avitech's Intelliject® machine,

3

uses "vertical only movement."[2]  Avitech argues that this statement is in direct contradiction to Embrex's claim of patent infringement and "strongly suggests that maintenance of this suit by Embrex is a sham and/or in bad faith."  Mot. at 1.  Avitech seeks to serve up to five new interrogatories, five document requests and five requests for admission focused on the basis for this portion of the Chart and thereafter, to conduct no more than three depositions of Embrex employees identified as having participated in producing the brochure.

Embrex responds that Avitech "overstates the materiality" of the Brochure.  According to Embrex, the Brochure is "purely a marketing document" and does not, nor was it intended to, offer an evaluation of Avitech's Intelliject® system in relation to the patent in suit.  Moreover, Embrex asserts that its description of the Avitech Intelliject® system as using "vertical only movement" is consistent with Avitech's representations in this suit and is thus prudent to avoid potential claims of "unfair competition or commercial disparagement."  Opp'n at 3-4.

Turning to the good cause factors, the Court will begin by considering the likelihood that Avitech will discover relevant evidence if the instant motion is granted.  Whether or not Avitech's Intelliject® machine allows translational movement, as

---

[2] Avitech argues that the reference to "Others" in the brochure includes Avitech as it is one of only two U.S. manufacturers competing with Embrex.  See Mot. at 4 n.1.  Embrex does not seriously dispute that this is so, noting only that the "Others" "are not identified by name" and that Avitech is not the only other competitor.  Opp'n at 3.

4

Embrex contends, or is limited to vertical only movement, as Avitech contends, was a key matter in dispute before this Court on motions for summary judgment as to infringement.  See Dec. 21, 2006, Mem. Op. at 24-26.  This Court concluded that there was a material dispute of fact with respect to this issue and denied summary judgment as a result.  See id. at 28 (noting that the parties each submitted evidence presenting "inconsistent conclusions as to the actual functioning of the accused [device]").  While the Court understands that Embrex's statement in the Chart may have reflected caution in marketing its product during the pendency of this suit, it is nonetheless persuaded that discovery related to the representation in the Chart that the Intelliject® machine uses "vertical only movement" could lead to relevant evidence.

   The Court next turns to foreseeability and diligence.  Embrex acknowledges that the Brochure was recently created and it was only obtained by Avitech in January of this year.  Thus, the Court is persuaded that Avitech could not have foreseen the need for this discovery prior to the expiration of the deadline and that this request is not due to a lack of diligence on its part.

   Finally, no trial date has been scheduled in this case and all proceedings have been stayed for the past six months.  Accordingly, while the Court is wary of delaying this already lengthy litigation even further, it is unlikely that an additional sixty days of discovery would prejudice Embrex.

   A balance of the factors weighs in favor of a finding of good cause to reopen discovery.  The Court cautions, however, that it will not permit Avitech to venture into areas outside of the limited scope of this request.  Avitech included, as an

5

exhbit to its Reply brief, proposed interrogatories, document requests, and requests for admissions.  Proposed interrogatory number 5 and proposed document request number 5 each concern a statement in the Brochure not referenced in any of the briefing on this motion and unrelated to the Chart.[3]  Reply, Ex. 1.  These items would be beyond the scope of this limited request.

**IV. CONCLUSION**

For all of the foregoing reasons, Plaintiff's motion to reopen discovery will be granted.  A separate order will issue.

                                             _____/s/_____
                                             William M. Nickerson
                                             Senior United States District Judge
Dated: April 8, 2008

---

[3]Each requests information related to Embrex's statement that "over 13 billion eggs per year are vaccinated in ovo with the Embrex® Inovoject® System."  Brochure at 3.  While this statement appears on the same page as the Chart, it does not relate in any way to Avitech's competing system.